UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RUFFING CARE, INC., | : | Case No. 15-32960-MAW |
| | : | |
| Debtor and Debtor in Possession. | : | Judge Mary Ann Whipple |

**APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY
LEVINSON LLP AS COUNSEL TO DEBTOR AND
DEBTOR IN POSSESSION**

Ruffing Care, Inc., ("Ruffing - Tiffin" or the "Debtor"), debtor and debtor in possession, doing business as Ruffing Family Care Center of Tiffin, makes this application ("Application") for entry of an order authorizing Ruffing – Tiffin to retain and employ Levinson LLP ("Levinson") as counsel, pursuant to section 327 of Title 11 (the "Bankruptcy Code") of the United States Code and Fed. R. Bankr. P. ("Bankr. Rule") 2014. In support of this Application, Ruffing – Tiffin submits the Verified Statement of Jeffrey M. Levinson, Esq., attached as Exhibit A (the "Levinson Declaration"), and respectfully represents as follows:

**Jurisdiction, Venue and Bases for Relief**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Section 327 of the Bankruptcy Code and Bankr. Rule 2014 provide the bases for the relief sought herein.

**Background**

2. On August 17, 2015 (the "Petition Date"), Ruffing – Tiffin filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Ruffing –

Tiffin is continuing in the possession of its property and the operation of its business as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3. Ruffing – Tiffin is an Ohio corporation engaged in the operation of a nursing facility located at 2320 W Co. Rd. 6, Tiffin, Ohio. Ruffing – Tiffin has recently implemented a reorganization of its management in order to reverse its historical losses and has therefore determined to commence this case to facilitate the restructuring of its operations and to feasibly address its indebtedness to its creditors.

**Relief Requested**

4. By this Application, pursuant to section 327 of the Bankruptcy Code, the Debtor seeks to employ and retain Levinson as counsel in this case.

5. The Debtor seeks to employ Levinson as counsel because of, among other things, the knowledge and experience of Levinson in cases under the Bankruptcy Code. In addition, Levinson has acted as counsel to the Debtor in contemplation of this filing and is, consequently, familiar with the Debtor's business and financial affairs. Accordingly, Ruffing – Tiffin believes that Levinson is well qualified and able to represent the Debtor in this Chapter 11 case for the purposes stated in this Application.

6. The Debtor anticipates that Levinson will render general legal services as needed throughout the course of this Chapter 11 case, including, but not limited to, bankruptcy assistance and advice. In particular, it is anticipated that Levinson will provide the following legal services to Ruffing - Tiffin:

(a) advise the Debtor of its rights, powers and duties as a debtor and debtor in possession continuing to operate and manage its business and property;

2

(b) advise the Debtor concerning, and assist in the negotiation and documentation of financing agreements and related transactions;

(c) review the nature and validity of liens asserted against the Debtor's property and advise the Debtor concerning the enforceability of such liens;

(d) advise the Debtor concerning the actions that the Debtor may take to collect and recover property for the benefit of the Debtor's estate;

(e) prepare on behalf of the Debtor all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and review all financial reports to be filed in this Chapter 11 case;

(f) advise the Debtor concerning, and prepare responses to, applications, motions, pleadings, notices and other papers that may be filed and served in this Chapter 11 case;

(g) counsel the Debtor in connection with the formulation, negotiation and promulgation of plan(s) of reorganization and related documents;

(h) advise and assist the Debtor in connection with any disposition of assets;

(i) advise the Debtor concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructurings; and

(j) perform such other legal services for and on behalf of the Debtor as may be necessary or appropriate in the administration of this Chapter 11 case and the Debtor's business, including advice and assistance to the Debtor with respect to debt restructuring and general matters.

3

7. The Debtor requires knowledgeable counsel to render these essential professional services. Levinson has substantial bankruptcy experience and is well qualified to perform these services and represent the Debtor's interests in this Chapter 11 case.

**Proposed Compensation**

8. Subject to allowance by the Court, Levinson will charge for legal services on an hourly basis in accordance with his ordinary and customary hourly rates for similar engagements as in effect on the dates services are rendered. The current hourly rate charged by Levinson is as follows:

    Jeffrey M. Levinson   325.00

    Scott H. Scharf   325.00 (Of Counsel)

It is Levinson's practice to annually reset this hourly rate to reflect economic and other factors.

9. Levinson will also charge the Debtor its customary reimbursements as charged generally to bankruptcy and non-bankruptcy clients alike, and in accordance with applicable guidelines. Levinson is customarily reimbursed for certain expenses incurred in connection with the representation of a client in a given matter. Such expenses include, without limitation, travel costs, express mail, special or hand deliveries, special copying costs, computerized legal research, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client.

10. Prior to the Petition Date, Ruffing – Tiffin paid to Levinson a retainer (the "Retainer") in the amount of $15,000.00 for services to be rendered in connection with

4

this case. A portion of the Retainer has been applied on account of services rendered preparing for the filing of this Chapter 11 case.

**Levinson does not hold an Adverse Interest and is a Disinterested Person**

11. To the best of the Debtor's knowledge and as attested in Declaration, Levinson has no connection with the Debtor, its creditors, the United States trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants and is a disinterested person as defined in section 101(14) of the Bankruptcy Code.

12. As set forth in the Declaration:

(a) Levinson is not a creditor, equity security holder or insider of the Debtor;

(b) Levinson is neither currently nor within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

(c) Levinson does not have an interest materially adverse to the interest of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

13. Levinson is not related to any United States District Judge or United States Bankruptcy Judge for the Northern District of Ohio or to the United States Trustee for such district or to any known employee in the office thereof.

**No Prior Applications**

14. No previous application for the relief sought herein has been made by the Debtor to this Court or any other Court.

WHEREFORE, the Debtor requests entry of an order authorizing the Debtor pursuant to section 327 of the Bankruptcy Code to employ and retain Levinson as counsel, and that the Court grant the Debtor such other and further relief as is just and proper.

Dated: September 10, 2015               Respectfully submitted,

                                        RUFFING CARE, INC.

                                        ___See Attached_____
                                        By: Diana Ruffing
                                        Its: Authorized Representative

## CERTIFICATE OF SERVICE

I certify that on September 10, 2015 a true and correct copy of the foregoing *Application for Authority to Retain and Employ Levinson LLP as Counsel for Debtor and Debtor in Possession* was served:

Via the Court's Electronic Case Filing System on those entities and individuals who are listed on the Court's Electronic Mail Notice List:

The Office of the United States Trustee – General Electronic Mailbox

Dated: September 10, 2015            */s/ Jeffrey M. Levinson*
                                     Jeffrey M. Levinson

WHEREFORE, the Debtor requests entry of an order authorizing the Debtor pursuant to section 327 of the Bankruptcy Code to employ and retain Levinson as counsel, and that the Court grant the Debtor such other and further relief as is just and proper.

Dated: September 10, 2015

Respectfully submitted,

RUFFING CARE, INC.

By: *Diana L Ruffing*
Its: Authorized Representative

6

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re:                                : Chapter 11
                                      :
RUFFING CARE, INC.,                   : Case No. 15-32960-MAW
                                      :
  Debtor and Debtor in Possession.    : Judge Mary Ann Whipple

**STATEMENT OF PROPOSED ATTORNEY AND DISCLOSURE PURSUANT TO 11 U.S.C. §§ 329 AND 504 AND RULES 2014(a), 2016(b) AND 5002 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

1.  I, Jeffrey M. Levinson, am the principal of Levinson LLP, a law practice located at 3 Hemisphere Way, Bedford, Ohio 44146. I am admitted to practice before, among others, the Supreme Court of Ohio, all inferior courts thereof as well as the United States District Court for the Northern District of Ohio. I make this statement in support of the retention of the Firm as counsel for Ruffing Care, Inc. ("Ruffing - Tiffin" or the "Debtor"), debtor and debtor in possession, dba Ruffing Family Care Center of Tiffin, and in accordance with sections 327 and 329 of title 11 (the "Bankruptcy Code") of the United States Code and Fed. R. Bankr. P. ("Bankr. Rules") 2014, 2016 and 5002.

2.  Levinson has the experience and knowledge in cases under the Bankruptcy Code and is qualified to represent the Debtor for the purposes stated below in a cost-effective, efficient and timely manner.

3.  The Debtor has requested that Levinson provide the following legal services:

    (a)  advise the Debtor of its rights, powers and duties as debtor and debtor in possession continuing to operate and manage its business and properties;

(b) advise the Debtor concerning, and assist in the negotiation and documentation of financing agreements, debt and cash collateral orders and related transactions;

(c) review the nature and validity of liens asserted against the Debtor's properties and advise the Debtor concerning the enforceability of such liens;

(d) advise the Debtor concerning the actions it may take to collect and recover property for the benefit of its estate;

(e) prepare on behalf of the Debtor all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and review all financial reports to be filed in this Chapter 11 case;

(f) advise the Debtor concerning, and prepare responses to, applications, motions, pleadings, notices and other papers that may be filed and served in this Chapter 11 case;

(g) counsel the Debtor in connection with the formulation, negotiation and promulgation of plan(s) of reorganization and related documents;

(h) advise and assist the Debtor in connection with any disposition of its assets;

(i) advise the Debtor concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructurings; and

(j) perform such other legal services for and on behalf of the Debtor as may be necessary or appropriate in the administration of this Chapter 11 case and the Debtor's business, including advice and assistance to the Debtor with respect to debt restructuring and general matters.

4. Subject to this Court's approval of the Application, Levinson is willing to serve as the Debtor's counsel and to perform the services described above.

5. To the best of my knowledge formed after due inquiry, Levinson is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code:

(a) Levinson is not a creditor, equity security holder or insider of the Debtor;

(b) Levinson is not currently nor has Levinson been within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

(c) Levinson does not have an interest materially adverse to the interest of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

6. Levinson is not related to any United States District Judge or United States Bankruptcy Judge for the Northern District of Ohio or to the United States Trustee for such district or to any known employee in the office thereof.

7. Pursuant to Bankr. Rule 2014, Levinson will provide the Court with supplemental information regarding its connection, if any, with the Debtor or any creditor of the Debtor should that subsequently arise.

8. Levinson intends to apply to this Court for compensation for services rendered and reimbursement of expenses incurred in connection therewith in accordance with applicable provisions of the Bankruptcy Code, Bankr. Rules, the Local Rules for this District and orders of this Court. Subject to the Court's approval, Levinson will charge

the estate for its legal services on an hourly basis in accordance with my ordinary and customary hourly rates for similar engagements as in effect on the dates services are rendered. My current hourly rate is $325.00. It is my practice to annually reset my hourly rate to reflect economic and other factors.

9. Levinson will bill for customary reimbursements as charged generally to bankruptcy and non-bankruptcy clients alike, and in accordance with applicable guidelines. Levinson is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter. Such expenses include, without limitation, travel costs, long distance calls, express mail, special or hand deliveries, copying costs, document processing, computerized legal research, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of that particular client.

10. No promises have been received by Levinson as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Levinson has no agreement with any other entity to share with such entity any compensation received by me in connection with this Chapter 11 case.

11. Prior to the Petition Date, the Debtor paid to me a retainer (the "Pre-Petition Retainer") in the amount of $15,000 for services to be rendered in representing the Debtor in connection with the filing and prosecution of this Chapter 11 case. A portion of the Pre-Petition Retainer has been applied to services rendered prior to the Petition Date.

Dated: September 10, 2015                        Respectfully submitted,

                                                */s/ Jeffrey M. Levinson*
                                                Jeffrey M. Levinson (0046746)